**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Cleveland Orthopedic and Spine Institute, LLC,** | ) | **CASE NO. 1:26 CV 374** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **Atul Kamath, M.D.,** | ) | |
| | ) | **Memorandum Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's and Third-Party Defendants' Motion for Partial Dismissal of Counterclaims and Third-Party Claims. (Doc. No. 19.) This is a breach of contract case. The motion is UNOPPOSED and GRANTED.

**DISCUSSION**

Plaintiff Cleveland Orthopedic and Spine Institute, LLC ("COSI") filed suit against defendant Atul Kamath, M.D. ("Dr. Kamath") on February 13, 2026, alleging claims for breach of contract, contractual indemnification, promissory estoppel, and declaratory judgment. On May 14, 2026, Dr. Kamath filed an answer. On July 15, 2026, Dr. Kamath filed an amended answer and counterclaims, asserting twelve claims against COSI and third-party defendants Reuben Gobezie, M.D., Northern Ohio Surgery Center, LLC, JD Medical Enterprises, LLC, Cleveland Shoulder Institute, LLC, and unnamed Doe defendants (together, "Counterclaim Defendants").

On September 18, 2026, the Counterclaim Defendants moved to dismiss most of the counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(9). Dr. Kamath's deadline to file an opposition or request an extension was October 19, 2026. LR 7.1(d). To date, Dr. Kamath has filed neither.

This Court treats Dr. Kamath's failure to oppose the motion to dismiss as a waiver of the challenged counterclaims. *Ray v. United States*, 2017 WL 2350095, at *2 (E.D. Tenn. May 30, 2017) (citing *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x. 567, 569 (6th Cir. 2013)) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *Demsey v. R.J. Reynolds Tobacco Co.*, 2005 WL 1917934, at *2 (N.D. Ohio Aug. 10, 2005) ("The court's authority to grant a motion to dismiss because it is unopposed is well established."); *see also Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x. 328, 331 (6th Cir. 2008) (citations omitted) ("Thus, where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived." (citing *Scott v. Tennessee*, 1989 WL 72470, at *2 (6th Cir. 1989) (affirming district court's grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion."))).

Accordingly, counterclaims Counts One, Two, Three, Four, Six, Seven, Eight, Nine, Ten, Eleven, and Twelve are DISMISSED in their entirety and Count Five is DISMISSED against COSI, JD Medical Enterprises, LLC, Cleveland Shoulder Institute, LLC, and the Doe defendants. Only Count Five against Reuben Gobezie, M.D. and Northern Ohio Surgery Center, LLC will proceed.

**CONCLUSION**

Plaintiff's and Third-Party Defendants' Motion for Partial Dismissal of Counterclaims and Third-Party Claims (Doc. No. 19) is UNOPPOSED and GRANTED.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 11/3/2026